# Gallagher Brothers, Appellants, *v.* John Davis for use of Mrs. Annie M. Purdy.

*Sheriff's interpleader—Evidence—Province of court and jury.*

On the trial of a sheriff's interpleader to determine the title of certain machinery, it appeared that A had bought the machinery and used it to erect a manufacturing plant upon land leased from D. Subsequently D executed a mortgage upon the land, and upon foreclosure proceedings, the plaintiffs in the interpleader bought the premises. A continued in possession and continued to operate the manufacturing plant, paying rent for the premises after the sheriff's sale to the plaintiffs who knew that he was the owner of the machinery. A still owed for the machinery, and

judgment having been obtained against him, levy was made upon the machinery, whereupon the plaintiffs claimed to be the owners of it and this issue was framed in which the execution creditors of A were made defendants.  *Held,* (1) that the burden of proof was on the claimants; (2) that as the testimony was insufficient to go to the jury it was proper to give binding instructions in favor of the defendant in the interpleader.

*Practice, S. C.—Assignments of error not according to rule.*

An assignment of error in the following form " The court erred in its opinion on rule for new trial and its findings of facts in the opinion for the same reasons that it erred in the verdict directed in this case " is not according to rule in that it fails to call attention to any specific error.

Argued Nov. 5, 1896.  Appeal, No. 161, Oct. T., 1896, by plaintiffs, from judgment of C. P. No. 3, Allegheny Co., May T., 1896, No. 1, on verdict for defendant in sheriff's interpleader. Before Sterrett, C. J., Green, Williams, Mitchell, Dean and Fell, JJ.  Affirmed.

Sheriff's interpleader to determine the ownership of certain machinery.

The court gave binding instruction for defendant in the interpleader.

Verdict for defendant.

Porter, J., subsequently stated the facts in an opinion filed, as follows :

This is a feigned issue to determine the ownership of certain wheels, belting, shafting and other machinery levied upon by the sheriff as the property of C. G. Huggins.  The uncontradicted evidence discloses the following facts : In 1887 the defendant in the execution, C. G. Huggins, with John J. Davis and a man named Johnson, formed a partnership under the style of " The Allegheny Roasting Company " for the purpose of engaging in the business of roasting coffee, etc.  They leased a lot from the wife of John J. Davis and thereon erected a building.  They placed in this building, in the manner in which machinery is usually attached, such wheels, shafting, roasters and other machinery as was necessary to carry on the trade, and engaged regularly in the business for which they had associated.  In 1888 or 1889, Johnson sold out his interest to John J. Davis and C. G. Huggins, who continued the business down to January 1, 1891, when Huggins bought the interest of Davis

in the machinery, fixtures and business, for $1,750, and agreed not to remove the same until the purchase price of the interest was paid. For the amount which he was to pay Davis for the interest he gave a note, which the latter subsequently assigned to Mrs. Annie M. Purdy, who, on February 27, 1894, entered judgment on the note and caused execution to be levied upon the machinery in question as the property of said C. G. Huggins.

Upon the same day that Davis sold out to Huggins, the latter took a new lease for the ground upon which the machinery was placed from Lillie M. Davis, the wife of his former partner; said lease was for four years from January 1, 1891, and gave to Huggins the privilege of renewal upon its expiration. Huggins went into and continued in the sole and exclusive possession of the entire property down until the levy by the sheriff upon the machinery in question.

On September 27, 1892, the owner of the land, Mrs. Davis, executed a mortgage, in which her husband, J. J. Davis, joined, upon the lot in question to the United Security Life Insurance and Trust Company. Huggins was at that time in possession and no inquiry was made as to his rights. In December, 1893, the ground was sold upon proceedings on the mortgage to Gallagher Brothers, the plaintiffs in this issue. All this time Huggins was openly in possession of the lot and Gallagher, the purchaser, who was his brother-in-law, knew this and testifies that he knew that Huggins had bought the machinery and given a note for it. After Gallagher had bought the lot at sheriff's sale he told Huggins to continue on, and rent was subsequently paid to Gallagher. The machinery never was in Gallagher's possession. In his testimony he seemed to be desirous of giving the impression that he had actually taken possession, but when he was squarely asked the question, Q. "So he turned everything over to you, did he?" A. "Who?" Q. "Huggins." A. "I don't know whether he did or not; it was sold out at sheriff's sale, and he throwed up the sponge, I just rented the place to him. He said nothing to me at all." The whole testimony shows nothing which indicates that Gallagher ever, prior to the levy by the sheriff, made any claim to Huggins that he, Gallagher, owned the machinery. After Huggins had unsuccessfully attempted to strike down the claim of Mrs. Purdy and had been defeated in a jury trial, he and his

brother-in-law, Gallagher, may have joined forces to defeat the collection of the judgment, but they were then too late. The only claim to the property set up by Gallagher in his testimony is: "I bought it at sheriff's sale, December, 1893 or 1894." That is the sheriff's sale of the real estate of Mrs. Davis. Under the facts in evidence, we are of opinion that the trade fixtures did not pass to the purchaser of the real estate, at the sheriff's sale.

Judgment entered on the verdict.   Plaintiffs appealed.

*Errors assigned* were (1, 2) in giving binding instructions for defendant; (3) the court erred in its opinion and its finding of facts in the opinion, for the same reasons that it erred in the verdict, directed in this case.

*A. C. Patterson*, for appellants.—It was error to withdraw the case from the jury: Dohnert's App., 64 Pa. 311; Bakewell v. Keller, 11 W. N. C. 300.

As a matter of fact Huggins never paid, hence he never became a purchaser: Union Canal Co. v. Young, 1 Wharton, 432.

Everything put into and forming part of a building for machinery purposes, and essential to the manufacture, is part of the freehold: Gray v. Holdship, 17 S. & R. 415; Voorhis v. Freeman, 2 W. & S. 116; Pyle v. Pennock, 2 W. & S. 390; Ege v. Kille, 84 Pa. 333; Morris's App., 88 Pa. 368.

Davis is estopped to claim the goods: Bush v. Genther, 174 Pa, 154; Maple v. Kussart, 53 Pa. 352; Jourdan v. Dean, 175 Pa. 599; Chapman v. Chapman & Gansamer, 59 Pa. 214.

*Carroll P. Davis*, for appellee, was not heard, but cited in his printed brief: Bloomingdale v. Victor, 147 Pa. 372; Meyers v. Prentzell, 33 Pa. 484; Stewart v. Wilson, 42 Pa. 452; Tremont Coal Co. v. Manly, 60 Pa. 384; Ott v. Sweatman, 166 Pa. 222; Taylor on Landlord & Tenant, 119; Lenox v. McCall, 3 S. & R. 95; Brown v. Gray, 5 Watts, 17; Hottenstein v. Lerch, 104 Pa. 460; Rowe v. Ream, 105 Pa. 543; Seeger v. Pettit, 77 Pa. 440; Hill v. Sewald, 53 Pa. 271; Harmony B. Assn. v. Berger, 99 Pa. 324; Bank v. North, 160 Pa. 303.

Per Curiam, January 4, 1897:

This is a feigned issue under the sheriff's interpleader act to determine whether the title to certain articles of personal property levied on by the sheriff as the property of Curtis G. Huggins, was in the plaintiffs or not. As claimants of the property in question, the burden of proof was on Gallagher Brothers, the plaintiffs in the issue. The learned trial judge, being of opinion that the testimony introduced by them was insufficient to go to the jury, withdrew the case from their consideration and directed them to render a verdict for the defendant, which was accordingly done. This action of the court is the subject of complaint in the first and second specifications.

A careful consideration of the testimony has satisfied us that, in the circumstances, there was no error in holding that the evidence was insufficient to justify its submission to the jury, and in directing a verdict for defendant.

The remaining so called specification may be dismissed with the remark that it is not according to rule, in that it fails to call attention to any specific error of the court.

There is nothing in the case that requires further notice.

Judgment affirmed.